Michael J. **KANTON**, Plaintiff,

v.

**GRACE LINE, INC.**, a corporation, Defendant.

**No. 5986.**

United States District Court
W. D. Washington, N. D.
Oct. 2, 1964.

Harold F. Vhugen, of Levinson & Friedman, Seattle, Wash., for plaintiff.

Edward S. Franklin and John P. Sullivan, of Bogle, Bogle & Gates, Seattle, Wash., for defendant.

LINDBERG, Chief Judge.

This action is before the court upon defendant's motion to dismiss the complaint. The facts giving rise to the motion are not in dispute.

Plaintiff, a longshoreman unloading the SS SANTA JUANA, slipped from a hold ladder and suffered injuries. Under section 5 of the Longshoremen's and Harbor Workers' Compensation Act,[1] the plaintiff sought and was awarded compensation in the sum of $4,822.05. He now brings an action *in personam*, and not *in rem*, for unseaworthiness against his employer, Grace Line, Inc. Grace Line is also the owner of the SANTA JUANA.

A simple comparison of the Act and the action would suggest that the cause is vulnerable to summary dismissal. However, the case law forbids this easy course.

Seas Shipping Co. v. Sieracki, (1946) 328 U.S. 85, 66 S.Ct. 872, 90 L.Ed. 1099, initiated the trend towards the present situation. It held that a ship's traditional obligation of seaworthiness, always owed to seamen, also extended to stevedores working aboard the ship. Despite the petitioner's contrary urgings in that case the court felt the Longshoremen's and Harbor Workers' Act did not prevent extension of the traditional seaman's remedies to stevedores. While Mr. Justice Stone in dissent at the time commented that under the court's ruling stevedores would have remedies not even accorded the crew,[2] the court nonetheless held longshoremen eligible for compensation under the Act and for redress under traditional maritime law. The employer was thus exposed to an uncertain liability.

This uncertainty was emphasized by Ryan Stevedoring Co. v. Pan-Atlantic Steamship Corporation (1956), 350 U.S. 124, 76 S.Ct. 232, 100 L.Ed. 133. A worker employed by an independent stevedoring company was injured aboard the ship. He recovered against the ship but the ship in turn was granted indemnity against the employer, the stevedoring company. The indemnity was granted even though there was no indemnity clause in the contract between the ship owner and the stevedoring company.

Reed v. The Yaka, (1963) 373 U.S. 410, 83 S.Ct. 1349, 10 L.Ed.2d 448, brought the situation to its present state. Here

---

1. 44 Stat. 1426, 33 U.S.C. § 905, which reads:

"§ 905. *Exclusiveness of liability*

"The liability of an employer prescribed in section 904 of this title shall be exclusive and in place of all other liability of such employer to the employee, his legal representative, husband or wife, parents, dependents, next of kin, and anyone otherwise entitled to recover damages from such employer at law or in admiralty on account of such injury or death, except that if an employer fails to secure payment of compensation as required by this chapter, an injured employee, or his legal representative in case death results from the injury, may elect to claim compensation under this chapter, or to maintain an action at law or in admiralty for damages on account of such injury or death. In such action the defendant may not plead as a defense that the injury was caused by the negligence of a fellow servant, nor that the employee assumed the risk of his employment, nor that the injury was due to the contributory negligence of the employee."

2. Id., 328 U.S. at 107, 66 S.Ct. at 883.

the shipowner, *pro hac vice*, and the employer were identical. If the court had allowed the Act to immunize the employer from suit the court's holding in Ryan, supra, would mean that long-shoremen injured under identical circumstances would have substantially different remedies. The scope of their remedy would depend upon the accidental fact of who their employer was. The court therefore ruled that the employee could sue the ship of his employer by libel *in rem*.

The case at bar is factually much like Reed. However, the plaintiff urges a further extension of the trend by permitting a suit directly against the employer, *in personam*. Such a ruling would bring the case law into immediate opposition with the wording of the statute, a position this court declines to assume. This court will not, in this instance anticipate the reaction of the Supreme Court.

Motion granted.